IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DREAONA KENNEDY,<br>Plaintiff,<br>v.<br>WASHINGTON COUNTY SHERIFF'S DEPARTMENT,<br>Defendants | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT<br><br>Case No. 4:26-cv-00090-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing her claims.

## I. BACKGROUND

Plaintiff filed this action on August 10, 2026. Plaintiff is proceeding pro se and in forma pauperis. Plaintiff brings claims against the Washington County Sheriff's Department, alleging excessive force and inadequate medical care.

## II. DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status

or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[1]

Plaintiff brings his claims under 42 U.S.C. § 1983.[2] "To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."[3] Plaintiff's suit is brough solely against the Washington County Sheriff's Department. However, the Sheriff's Department is not a person for purposes of § 1983.[4] Instead, Plaintiff must assert claims against the individual officers involved in the alleged constitutional deprivation.

To do so, the Complaint must allege personal participation by the defendant.[5] Such personal participation must be alleged by showing an affirmative link between the defendant and the challenged conduct, either through the defendant's actual conduct or the defendant's acquiescence in a constitutional violation.[6] Thus, a complaint must "make clear exactly *who* is

---

[1] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[2] Docket No. 1, at 3.

[3] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[4] *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) ("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."); *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) ("Plaintiff has attempted to sue a number of entities . . . that are not legally suable entities, *e.g.*, . . . the Carter County Sheriff's Department.").

[5] *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976).

[6] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976).

alleged to have done *what* to *whom*."[7] "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim."[8]

Plaintiff's Complaint does not specifically identify by name any individual officer nor does it describe any identifying factor. "Section 1983 plaintiffs may only 'use unnamed defendants,' if they 'provide[ ] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served.'"[9] And, again, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*."[10] Each individual must be named separately with separate constitutional violations identified per individual defendant.[11] Therefore, Plaintiff must amend her Complaint to provide sufficient information to identify the unnamed officers and the specific allegation of actions taken by each of those officers.

## III. CONCLUSION

It is therefore

ORDERED that by September 25, 2026, Plaintiff must cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint MAY NOT include claims outside or beyond what was already contained in the complaint originally filed here. If an amended

---

[7] *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

[8] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).

[9] *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019) (quoting *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996)) (alteration in original).

[10] *Robbins*, 519 F.3d at 1250.

[11] *Id.* (finding cause of action failed to satisfy the required standard of fair notice due to complaint's failure to isolate the allegedly unconstitutional acts of each defendant).

complaint is filed, the Court will screen it either for dismissal or an order effecting service upon valid defendants. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action may be dismissed without further notice. It is further

ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is again temporarily GRANTED.

DATED this 25th day of August, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge